# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| AVERY L. HAZZARD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV411-019 |
| G. TERRY JACKSON, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

It walks like a duck yet does not talk like one. Avery L. Hazzard, currently confined in the Chatham County, Georgia jail, submitted a 42 U.S.C. § 1983 complaint asserting a legal malpractice claim against an attorney he retained to represent him in a criminal case. Doc. 1 at 5. His complaint's "Memorandum of Grounds and Authorities," however, reads like a 28 U.S.C. § 2254 petition. *Id.* at 7-26.

But the relief he seeks is limited to money damages, *id.* at 5 ("I should get my money back."); *id.* at 6. So, the Court concluded that he advanced only a § 1983 action and granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account

form.  Doc. 3.  He has returned the two forms, so the case is ready to proceed.  Docs. 4 & 5.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient.  28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").  The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.  He does not.

Hazzard insists that G. Terry Jackson, retained to represent him in a state court, provided him with "a complete lack of advocacy and ineffective assistance of counsel, due process of law," and more or less

coerced him into pleading guilty for a crime he did not commit. Doc. 1 at 5. For "Relief" Hazzard (in raw, unedited form) says he:

> wants to suit attorney Terry Jackson for the money I paid the lawyer with was $4200, and punitive damages of 10,000 Smith v. Wade, 461 US 30 (1983) Attorney Terry Jackson show predicies and serious mental harm.

*Id.* at 6.

Plaintiff's supporting "Memorandum of Grounds and Authorities" provides extensive detail for his 2010 guilty plea to "possession with intent, obstruction, and theft by receiving" and resulting 10-year sentence. *Id.* at 8. And at various places Hazzard pauses to request habeas relief. *Id.* at 20, 25. Perhaps he is recycling a state habeas petition brief to support his §1983 claim against Jackson.

In any event, § 1983 only applies to civil rights violations committed by those acting under *color of state law*. 42 U.S.C. § 1983 (offering a remedy for the deprivation of a citizen's constitutional rights by actors operating under color of state law). Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the state but is instead the state's adversary. *Polk County v. Dodson*, 454 U.S. 312, 318-19, 318 n. 7, 323 n.13 (1981).

Hence, Jackson was not acting under color of state law and is unreachable under § 1983. *Id.* at 318, 324-25. At best Hazzard has a state law malpractice claim against him, not a federal civil rights claim.

Accordingly, this case should be **DISMISSED WITH PREJUDICE** for failing to state a claim for relief.

**SO REPORTED AND RECOMMENDED** this <u>13th</u> day of April, 2011.

<u>/s/ G.R. Smith</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA